UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON


ERIC DARNELL TAYLOR,            |
                               |
        Petitioner,             |      Civil Action No. 12-CV-59-HRW
                               |
v.                              |
                               |
J. C. HOLLAND, Warden,          |      **MEMORANDUM OPINION**
                               |         **AND ORDER**
        Respondent.             |

**** **** **** ****

Eric Darnell Taylor is an inmate confined at the Federal Correctional Institution

in Manchester, Kentucky. Proceeding without counsel, Taylor has filed a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D.E. No. 1] The Court has

reviewed the petition,[1] but must deny relief because under the circumstances

presented Taylor may not pursue his claims in a habeas corpus proceeding.

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On February 3, 1988, a federal jury in Florida convicted Taylor of one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. *United States v. Taylor*, No. 3:97-CR-128-RV (N.D. Fla. 1997). On April 22, 1998, Taylor was sentenced to 336 months imprisonment and five years supervised release. The Eleventh Circuit Court of Appeals affirmed Taylor's conviction and sentence on direct appeal. *United States v. Taylor*, 172 F.3d 882 (11th Cir. 1999) (unpublished disposition), *cert. denied*, 527 U.S. 1011 (1999). In October 2008, the trial court reduced Taylor's sentence pursuant to 18 U.S.C. § 3582(c)(2) to 270 months, a decision affirmed on appeal. *United States v. Taylor*, 327 F. App'x 168 (11th Cir. 2009).

In his petition, Taylor indicates that on March 10, 2011, the trial court entered an amended judgment stating that he was convicted of "Conspiracy to Distribute Cocaine Base" in violation of 21 U.S.C. § 846. [D.E. No. 1-2 at 1] Taylor notes that this is different wording than the description of the offense in his original judgment entered on April 22, 1998, which stated that he was convicted of "Conspiracy to Possess with Intent to Distribute Cocaine Base" in violation of 21 U.S.C. § 846. [D.E. No. 1-2 at 2] Taylor appears to contend that, at trial, both the prosecution's closing arguments and the court's instructions to the jury charged him with conspiracy to traffic in "cocaine" rather than in "cocaine base" as was charged in the

superceding indictment [D.E. No. 1-1 at 1-2], although the documents he has filed in support of this claim refute, rather than support, this contention. [D.E. No. 1-2 at 4, 7-8, 14] Taylor contends that he is therefore "actually innocent" of the offense stated in the amended judgment in light of the conduct charged in the indictment. [D.E. No. 1 at 6-7]

Section 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018, at * 6 (E.D. Tenn. Aug. 17, 2010).

However, Section 2255(e) permits a defendant to challenge a conviction or sentence in a habeas petition filed pursuant to 28 U.S.C. § 2241 if the remedy provided by Section 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Review pursuant to Section 2241 is not available "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." 28 U.S.C. § 2255(e). The petitioner must prove that his § 2255 remedy is inadequate or ineffective to challenge

the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Taylor's claims are based upon events which occurred during his original criminal proceedings, and thus could and should have been asserted during his trial, direct appeal, or by motion under Section 2255. *Pointdexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (habeas relief under Section 2241 is not available where "for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255.") Because these claims, even if meritorious, did not convict Taylor of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).").

Taylor's claims do not fall within the narrow exception provided by 28 U.S.C. § 2255(e). *Smith v. Snyder*, 48 F. App'x 109, 110 (6th Cir. 2002) (claim that trial

4

court's instructions to jury resulted in constructive amendment to indictment not cognizable in Section 2241 petition); *Young v. Yost*, 363 F. App'x 166, 168-69 (3d Cir. 2010) (same); *Burnside v. Lamanna*, 27 F. App'x 439, 440 (6th Cir. 2001) (claim regarding defect in habeas petitioner's indictment was not claim of actual innocence under Section 2241); *Fitchett v. McQuiggan*, 2011 WL 3862362 (E.D. Mich. 2011) (claim that petitioner was not arraigned on murder charge was not a claim of actual innocence cognizable under Section 2241); *Perry v. Sniezek*, 2005 WL 3132494 (N.D. Ohio 2005) (same). Taylor's petition will therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Taylor's petition for a writ of habeas corpus [D.E. No. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

This the 12th day of September, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge